IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO.: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| $3,000,000.00 in United States Currency, | ) | |
| Seized From TD Bank | ) | |
| Account No.:xxx3771, | ) | |
| | ) | |
| Defendant *In Rem*. | ) | |

**UNITED STATES' COMPLAINT FOR FORFEITURE *IN REM***

The Plaintiff, United States of America, brings this complaint and alleges as follows, in accordance with Rule G(2) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions.

**NATURE OF THE ACTION**

1. This is a civil action *in rem* to forfeit to the United States of America funds in the in the amount of $3,000,000.00 in United States Currency, seized from TD Bank account No.:xxxx3771, ("Defendant Funds"), pursuant to 18 U.S.C. § 981(a)(1)(A), and 18 U.S.C. § 981(a)(1)(C).  The United States seeks forfeiture based upon a reasonable belief that the Government will be able to meet its burden of proof at trial to show that the Defendant Funds constitute, or are traceable to:

    a.    proceeds of wire fraud transactions or attempted wire fraud transactions in violation of 18 U.S.C. § 1343;

    b.    proceeds of identity theft in violation of 18 U.S.C. § 1029;

    c.    property involved in money laundering transactions or attempted transactions in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and/or § 1956(a)(1)(B)(i) and/or 1957.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture by virtue of 28 U.S.C. § 1355. This Court has *in rem* jurisdiction over the Defendant Funds pursuant to:

    (a)    28 U.S.C. § 1355(b)(1)(A), because acts or omissions giving rise to the forfeiture occurred in the District of South Carolina; and

    (b)    28 U.S.C. § 1355(b)(1)(B), because venue properly lies in this district pursuant to 28 U.S.C. § 1395.

## THE DEFENDANT *IN REM*

3. The Defendant Funds consists of $3,000,000.00 in United States Currency, seized from TD Bank account No.:xxxx3771, obtained by agents with the United States Secret Service ("USSS") during an investigation into an account takeover and identity theft.

4. The USSS seized the $3,000,000.00 in United States Currency for federal forfeiture. The Defendant Funds are currently on deposit in this district in an account under the control of United States Secret Service.

5. In accordance with the provisions of 19 U.S.C. § 1606, the Defendant Funds have a total domestic value of approximately $3,000,000.00 USD.

## KNOWN POTENTIAL CLAIMANTS

6. Outside of the victim of the fraud in this case, the below individual may have an interest affected by this litigation.

    a. Evergreen Restaurant Group, may have an interest in the Defendant Funds as they are the victim in this matter.

    b. Brigette Franklin, may have an interest in the Defendant Funds as she set up the subject account and transferred the Defendant Funds in the TD Bank account #xxx3771.

## BASIS FOR FORFEITURE

7. Pursuant to the pleading requirements of Supplemental Rule G(2)(f), Plaintiff alleges that there is a factual basis to support a reasonable belief that the Government will be able to meet its burden of proof at trial to show that the Defendant Funds are subject to forfeiture to the United States, based in part upon the following:

    a. Business Email Compromise ("BEC") is an emerging financial cyber threat in which organized groups have targeted various institutions in the form of, companies, non-profits, and government organizations. The scheme relies on deceiving the victims through a multifaceted, sophisticated fraud using hackers, social engineers, pre-established bank accounts and employees that have access to an institution's finances. The suspect(s) are then able to deceive the victim through fake invoices, supervisor impersonation, altered email accounts and other means to convince the victim to wire money to another subject controlled bank account or, in some cases, remove those funds at a domestic branch in the

3

form of a cashier's check. That cashier's check can then be deposited elsewhere, preventing a victim from reversing the wire. Note that the bank account owner receiving the deposit may or may not be knowingly involved in the scheme. Spear phishing, social engineering, identity theft and malware allow suspects to gain control over a company's financial system and this crime has grown to over $2 billion in 2016 and affected over 24,000 domestic businesses.

    b.    On March 15, 2023, the United States Secret Service Global Investigative Operations Center Business Email Compromise Desk was notified by Coalition Inc., that Evergreen Restaurant Group, LLC was the victim of a BEC scheme and had sent five fraudulent wires totaling $8.2 million between February 28, 2023, and March 13, 2023.

    c.    On March 15, 2023, Andrew Dalton, ("Dalton") with Evergreen Restaurant Group, LLC, submitted an Internet Crime Complaint Center ("IC3") report detailing multiple fraudulent wires. Dalton explained how he received emails purporting to be from the owner instructing him to make large wire transfers. In this IC3 report, Dalton explained that the unknown third party may have gained access through a compromised Office 365 email account. Dalton further stated that the Evergreen Restaurant Group's owner was in the process of purchasing another company, which explained the request for multiple large dollar value transfers.

    d.    The first wire in the amount of $200,000.00 was sent on February 28, 2023, to TD Bank account No.:xxxx9631.

e.   Two wires totaling $5,000,000.00 were sent to Anderson Brothers Bank Account No.:xxxx8401 (February 28, 2023: $2,000,000.00 and March 6, 2023: $3,000,000.00) titled to Pieces of Olde LLC. Unfortunately, this account was almost completely depleted.

f.   On March 13, 2023, two wires totaling $3,000,000.00 were sent to TD Bank account No.:xxxx3771 titled to Pieces of Olde LLC. TD Bank restricted this account for suspicion of fraud with the majority of the funds being available for return.

g.   Pieces of Olde LLC was registered with the South Carolina Secretary of State on or about August 23, 2022, by Brigette Franklin ("Franklin").

h.   On March 27, 2023, United States Postal Inspector Chad Parnell ("Parnell") and United States Secret Service Special Agent Allan Wolf ("Wolf") interviewed Franklin at her residence in Conway, South Carolina.  Wolf informed Franklin that the reason for the interview was to discuss the wires she received in her Pieces of Olde TD Bank (Account No.:xxxx3771) and Anderson Brothers Bank (Account No.: xxxx8401) accounts. Franklin is an elderly female who currently requires a cane to walk as she suffers from severe arthritis.  She also claimed to be a cancer survivor. Franklin stated that she was aware of the wires Wolf was referring to.

i.   Franklin stated she had an antique shop called Pieces of Olde from 1999-2008.  She opened new business bank accounts under the name Pieces of Olde at TD Bank and Anderson Brothers Bank in 2022.  She opened the accounts after meeting someone she knows as David Cass ("Cass") on Match.com.  Franklin claimed that Cass was/is her

5

boyfriend. Franklin claimed to have met with Cass one time in person at the Olive Garden in Myrtle Beach, South Carolina, but could not recall the date. Cass told Franklin that he was a cryptocurrency financial advisor who worked for Stern Global and Logic Mining. After knowing each other online for a period of time, Cass asked Franklin if she would like to be his local Bitcoin broker in South Carolina, and she agreed.

      j.      According to Franklin, Cass instructed her that after receiving a deposit, she would go to Crypto.com or Gemini.com and purchase Bitcoin/cryptocurrency with the funds. In exchange, she would get a 4% commission for each transaction. It was for that purpose, that Franklin believed she received the two wires totaling $3 million in her Pieces of Olde TD Bank account and two wires totaling $5 million in her Pieces of Olde Anderson Brothers Bank account.

      k.      Franklin stated that all her accounts at TD Bank and Anderson Brothers Bank were frozen after she wired the money. Franklin stated that all of the funds were still in her TD Account but believed that all of the funds were transferred out of Anderson Brothers bank account. Franklin believed that some of her personal funds were in the Pieces of Olde Anderson Brothers bank account. She also stated she has used some of her personal funds to purchase Bitcoin/cryptocurrency on her own. Franklin agreed to go to the banks with Wolf to determine the current status of the funds. Prior to leaving her residence, she was presented with a USSS money mule letter, which informed Franklin that law enforcement believed she had been facilitating a fraud. After reading the letter and stating she understood it, she signed the USSS money mule letter.

l. Franklin and Wolf met with TD Bank Financial Service Associate, Hezbor ("Hezbor"), at the TD Bank in Conway, South Carolina. Hezbor provided Franklin copies of her bank statements pertaining to the wires. Hezbor stated that the funds from the wires were still in Franklin's account.

m. That same day, Franklin and Wolf met with Anderson Brothers Bank customer service representative Maslich ("Maslich"), who provided them with copies of her bank statements pertaining to the wires. Maslich stated that some of the funds from the wires were still in Franklin's account. Franklin maintained that the balance of $2,905.66 that was in her account prior to receiving the wires were her personal funds.

n. A federal seizure warrant was executed for the TD Bank account No.:xxxx3771 in the amount of $3 million in U.S. Currency, on May 3, 2023, by SA Wolf.

o. Based on the information and allegations set forth herein, there is a factual basis to support a reasonable belief that the Government will be able to meet its burden of proof at trial to show that the Defendant Funds constitutes, or is traceable to:

   a. proceeds of wire fraud transactions or attempted wire fraud transactions in violation of 18 U.S.C. § 1343;

   b. proceeds of identity theft in violation of 18 U.S.C. § 1029;

   c. property involved in money laundering transactions or attempted transactions in violation of 18 U.S.C. § 1956(a)(1)(A)(i), and/or § 1956(a)(1)(B)(i) and/or 1957.

## **CONCLUSION**

By reason of these premises, and pursuant to 18 U.S.C. § 981(f) and 21 U.S.C. § 881(h), whereby the Plaintiff's right, title and interest in and to the Defendant Funds relates back to the commission of the act giving rise to the forfeiture, the Defendant Funds have become and are forfeited to the United States of America, to be disposed of pursuant to Supplemental Rule G(7)(c) for Admiralty or Maritime Claims and Asset Forfeiture Actions, 18 U.S.C. § 981(d), 21 U.S.C. § 881(e), and other applicable laws.

WHEREFORE, Plaintiff prays that due process issue to enforce the forfeiture of the Defendant Funds, *in rem*; that a Warrant for the Arrest of the Defendant Funds be issued; that due Notice be given to all interested persons to appear, make claim, answer and show cause why the forfeiture should not be decreed; that the Defendant Funds be decreed condemned and forfeited to the United States of America for disposition according to law; and that Plaintiff have such other and further relief as the Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

By: *s/Carrie Fisher Sherard*
Carrie Fisher Sherard #10134
Assistant United States Attorney
55 Beattie Place, Suite 700
Greenville, SC 29601
(864) 282-2100

June 12, 2023